### HEALY v. GORMAN.

A promissory note executed and dated in New York, and made payable in New Jersey, will draw six per cent. interest. The general rule is, that interest is to be paid on contracts, according to the law of the place where they are to be performed, in all cases, where interest is expressly or impliedly to be paid.

This was an action of assumpsit on a promissory note dated in the city of New York, and payable at the State Bank in Elizabethtown, New Jersey. The CHIEF JUSTICE, on the trial at the Circuit, directed the jury to allow interest, at the rate of seven per cent., being the legal interest of the State of New York, where the plaintiff lived, and the contract was made. It was agreed by the counsel for the parties, that this question of the rate of interest should be moved, and argued at the bar of the court, and if the direction of the CHIEF JUSTICE should be found wrong, then that the excess of interest should be deducted, and judgment be entered for the residue.

*S. Cassedy*, for plaintiff.

*J. J. Chetwood*, for the defendant.

The opinion of the court, was delivered by

HORNBLOWER, C. J. I am satisfied that I was wrong in directing the jury to allow interest at the rate of seven per cent., the legal interest in the State of New York, instead of New Jersey interest, which is only six per cent.

Mr Justice STORY in his commentaries on conflicting laws, 241, sec. 291, says, " the general rule is, that interest is to be paid on contracts, according to the law of the place, where they are to be performed, in all cases where interest is expressly or impliedly to be paid." In support of this rule the commentator refers to a great number of cases, both American and English.

Chancellor KENT in his commentaries, (Sect. 39 p. 460, 461 2d ed.) says " The law of the place where the contract is made, is to determine the rate of interest, *when the contract specifically gives interest;* and this will be the case though the loan be secured by a mortgage on lands in another State; unless there be circumstances to show that the parties had in view the law of the latter place in respect of interest; when that is the case, the rate of interest of the place of payment, is to govern."

Healy *v.* Gorman.

The note in question though made in the city of New York was in express terms to be paid at the Bank of Elizabeth, in this State. The contract did not carry interest upon the face of it, but upon default of payment at the day and place, the law of this State tacitly annexes an obligation thenceforth to pay interest until the debt is liquidated. But the obligation to pay interest was no part of the contract; for if the contract had been performed, no interest could have been demanded. It may be said however, that it was; and that the understanding of the parties, and therefore in legal contemplation, a part of the New York contract, that if the money was not paid at maturity, it should then carry interest till paid. But the liability to pay interest, in such case is rather a legal consequence, than a conventional duty. The contract itself was for payment at a day certain. It did not contemplate a failure in the performance, and therefore made no provisions in anticipation of such an event; but left the law to take its course in case of a breach of the contract. Since therefore, the event which gave rise to and legalizes the plaintiff's claim to interest, happened in this State; or in other words, since it was *here*, that the right to interest accrued, and by operation of *our* law that it becomes payable, the rate of interest must be such as is allowed in this State. (See STORY on conflicting laws, fol. 245, Sect. 294,295.) The excess of interest, must therefore be deducted, and judgment entered for the residue, pursuant to the agreement of the parties entered into at the Circuit.

FORD, J. and RYERSON, J. concurred.

*Judgment for 6 per cent interest.*

CITED in *Harker* v. *Brink*, 4 Zab. 332 ; *Campbell* v. *Nichols*, 4 *Vr.* 83.